[Dkt. Ent. 72]

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAUL J. STEVENS, | : | |
| | : | Civ. No. 12-3011 (RMB/AMD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, et al., | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

This action commenced when Plaintiff filed a civil rights complaint on May 21, 2012. (ECF No. 1.) Plaintiff filed a Second Amended Complaint ("Second Am. Compl."), the operable pleading, on October 15, 2014. (ECF No. 62.) This matter is now before the Court upon the motion to dismiss by Warden Donna Zickefoose, Dr. Nicoletta Turner-Foster, Dr. Abigail Lopez, Health Services Administrator Michelle Baker, Dr. Pradip Patel, Dr. John Chung, Dr. Samir Sulayman, and the United States (the "Federal Defendants"). (ECF No. 72.) Plaintiff filed an opposition brief ("Pl's Brief"). (ECF No. 76.) The Federal Defendants filed a reply brief ("Fed. Defs' Reply Brief"). (ECF No. 84.)

1

**I.     BACKGROUND**

In Plaintiff's Second Amended Complaint, he alleged constitutional violations and tort claims against the defendants for inadequate medical care at FCI Fort Dix. (Second Am. Compl., ECF No. 62.) Specifically, Plaintiff alleged he unnecessarily underwent a Transurethral Needle Ablation ("TUNA") procedure on September 22, 2009, with the approval of the Federal Defendants, and the procedure caused serious, unwanted side effects. (Id., ¶¶ 3, 71.) Additionally, Plaintiff was not treated for a known and previously diagnosed spinal tumor. (Id., ¶4.) He had to choose between the TUNA procedure or no treatment at all for his symptoms. (Id., ¶¶ 59, 60.) Plaintiff suffered severe pain after the TUNA procedure, and it did not resolve his symptoms. (Id., ¶¶ 72, 74-76, 83, 86, 88-92.) Plaintiff was never provided an MRI, which he believed would reveal nerve damage and spinal tumor that causes his back pain and urinary trauma. (Id., ¶ 147.)

Plaintiff alleged he exhausted his administrative claims in accordance with the Prison Litigation Reform Act ("PLRA"). (Id., ¶ 151.) Defendant Donna Zickefoose, the warden, filed a response to Plaintiff's grievance on a BP-9 form. (Id., ¶ 162.) Plaintiff alleged Zickefoose's response "asserts medical conclusions that are inconsistent with Plaintiff's medical record, including

diagnoses of BPH and prostate obstruction that were never documented until after the TUNA procedure was ordered." (Id., ¶ 163.) Plaintiff appealed the denial of his grievance, and his final appeal was denied on August 10, 2012. (Id., ¶ 167.)

## II. Analysis

### A. Tort Claims

The Federal Defendants challenge this Court's jurisdiction over Plaintiff's FTCA claims on several grounds. First, the proper defendant has not been named. (Fed. Defs' Mem. of Law in Supp. of Mot. to Dismiss Certain Claims in Pl's Second Amended Compl., ("Fed Defs' Brief") ECF No. 72-6 at 12). Second, the FTCA claims are unexhausted. (Id. at 13-14.) Third, Defendant Baker is immune to suit under the FTCA and the Bivens claims under the Public Health Service Act. (Id. at 15-16.)

The parties contest the proper standard of review over the Federal Defendants' motion to dismiss the FTCA claims. Plaintiff asserts it is improper for the Federal Defendants to submit factual material outside the pleadings in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. (Pl's Brief, ECF No. 76 at 7-10.) The Federal Defendants contend they may submit materials outside the pleadings in raising jurisdictional challenges under Federal Rule of Civil Procedure 12(b)(1). (Fed Defs' Reply Brief, ECF No. 84 at 6-7.)

3

### 1. Proper Defendant

"The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act, provides federal employees acting within the scope of their employment absolute immunity from damage liability on state law tort claims." Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000). Under the Westfall Act, the Attorney General has the "authority to certify that a federal employee named defendant in a tort action was acting within the scope of his or her employment at the time in question." Osborn v. Haley, 549 U.S. 225, 241 (2007) (citing 28 U.S.C. § 2679(d)(1)-(2)). If the action is commenced in a U.S. District Court, and the Attorney General so certifies, the United States must be substituted as the defendant. Id. (citing 28 U.S.C. § 2679(d)(1)). A district court may resubstitute the individual federal employee as a defendant if it determines the Attorney General's certification on scope of employment was incorrect. Id. at 242.

Where a defendant makes a factual challenge to the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court is not limited to reviewing the allegations in the complaint, but may consider and weigh evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (where court's power to hear a case is at issue in a

4

factual challenge to jurisdiction, court may consider matters outside the pleadings); Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (a Rule 12(b)(1) factual attack on jurisdiction allows the court to weigh evidence to satisfy its jurisdiction; there is no presumptive truthfulness to a plaintiff's allegations). Plaintiff has the burden of proof that jurisdiction exists. Mortenson, 549 F.2d at 891.

The Federal Defendants submitted the "Certification of Scope of Employment" by Paul A. Blaine, Chief of the Civil Division of the United States Attorney's Office for the District of New Jersey. (ECF No. 72-4.) Mr. Blaine certified, under the authority delegated to him by the United States Attorney under 28 C.F.R. § 15.4,[1] based on his review of the complaint, the individual defendants Warden Donna Zickefoose, Dr. Nicoletta Turner-Foster, Dr. Abigail Lopez, Michelle Baker, Dr. Samir Sulayman, Dr. Pradip Patel, and Dr. John Chung, were acting within the scope of their employment as employees of the Federal Bureau of Prisons at the time of the conduct alleged in the Second Amended Complaint. (Id.) Plaintiff contends the certification is only an unsupported legal conclusion, and

---

[1] 28 C.F.R. § 15.4(a) provides, "[t]he United States Attorney for the district where the civil action . . . is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."

5

Plaintiff should be given the opportunity for further discovery on the issue before the Court addresses the issue. (Pl's Brief, ECF No. 76 at 14-15.)

Here, the Federal Defendants provided a proper certification of scope of employment so as to require substitution of the United States as the defendant against Plaintiff's tort claims. 28 U.S.C. § 2679(d)(2) (the Attorney General's certification is prima facie evidence that the alleged injurious conduct occurred within the scope of the federal employee's duties); Schrob v. Potter, 967 F.2d 929, 936 (3d Cir. 1992). Plaintiff failed in his burden to assert jurisdiction for his tort claims by offering any facts that the individual federal defendants were acting outside the scope of their federal employment in the conduct alleged in the Second Amended Complaint. See Riley v. Potter, C.A. No. 08-5167, 2010 WL 125841, at *7 (D.N.J. Jan. 7, 2010) (dismissing tort claims because "Plaintiffs . . . set forth no facts in their complaint or pleadings creating a plausible scenario under which [the tortfeasor] acted outside the scope of employment . . . .").

The Court will, therefore, substitute the United States as the defendant to Plaintiff's tort claims. If Plaintiff comes forward with specific facts establishing an individual federal defendant acted outside the scope of his or her employment, and amends his Complaint to allege those facts, the Court may

6

resubstitute the individual as a defendant to the tort claims. See Schrob, 967 F.2d at 936 (describing process for determining genuine issue of material fact on the scope of employment question).

### 2. Intentional Tort Claims

The Federal Defendants contend this Court should dismiss Plaintiff's claims of battery and intentional infliction of emotional distress because they are barred by 28 U.S.C. § 2680(h). (Fed. Defs' Brief, ECF No. 72-6 at 14 n. 2.) It is true that certain intentional tort claims under the FTCA are barred by 28 U.S.C. § 2680(h). Section 2680(h) provides that the waiver of sovereign immunity in the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" except when the acts or omissions are by an investigative or law enforcement officer. Battery is one of the enumerated claims; therefore, Plaintiff's battery claim against the Federal Defendants will be dismissed.

The Federal Defendants also assert that the Court should dismiss Plaintiff's intentional infliction of emotional distress claim because it arises out of his battery claim, which is barred by § 2680(h). (Fed. Defs' Brief, ECF No. 72-6 at 14-15 n. 2.) This Court cannot conclude that Plaintiff's claim of

7

intentional infliction of emotional distress arose solely out of his claim that the TUNA procedure performed on him constituted a battery. Plaintiff alleged in part, "in cruelly and intentionally denying his requests to treat to his severe pain and suffering, Defendants intended to cause Plaintiff emotional distress." (ECF No. 62, ¶201.) Plaintiff alleges many instances, other than performance of the TUNA procedure, where his requests for treatment of pain and suffering were denied. The claim of intentional infliction of emotional distress appears to go beyond the alleged battery. See generally Andrews v. United States, 732 F.2d 366, 371 (4th Cir. 1984) (refusing to dismiss intentional infliction of emotional distress claim where it arose out of a context more typically described as medical malpractice). The Court will not dismiss this claim under Section 2680(h).

    **3. Exhaustion**

The Federal Defendants argue that even if this Court substituted the United States as the defendant, Plaintiff's tort claims must still be dismissed because Plaintiff did not allege that he exhausted his administrative remedies under the Federal Tort Claims Act. (Fed. Defs' Brief, ECF No. 72-6 at 13.) Exhaustion of the prison grievance system does not satisfy this requirement. (Id. at 13-14.) Exhaustion of FTCA claims is necessary for jurisdiction. (Id. at 14.)

The Federal Defendants submitted the Declaration of Ondreya R. Barksdale, a Paralegal Specialist with the Federal Bureau of Prisons, Northeast Regional Office. (ECF No. 72-2, ¶1.) Ms. Barksdale stated that she accessed the BOP computerized index of all administrative tort claims filed with the BOP, and her search showed Plaintiff never filed an administrative tort claim with the BOP. (Id. at ¶3.)

Plaintiff challenges the Barksdale Declaration as a matter outside the pleadings improperly submitted at this stage. (Pl's Brief, ECF No. 76 at 6, 13.) While Defendants may indeed rely upon facts outside the record in mounting a factual challenge to jurisdiction under the FTCA, Ruggiero v. United States, Civ. No. 10-459, 2010 WL 1880828 (D.N.J. May 11, 2010), the Court need not consider the Barksdale Declaration because Plaintiff has the burden to show jurisdiction over his FTCA claims. See In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 361 (3d Cir. 2001) (the plaintiff bears the burden of showing his tort claims fall within the scope of the FTCA's waiver of government immunity). Exhaustion is a jurisdictional requirement. See Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1997) (the FTCA "specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit").

Plaintiff has offered the Declaration of Deepa J. Zavatsky, Esq. in support of his argument that he exhausted his tort claims. (ECF No. 76-1.) Ms. Zavatsky, Plaintiff's counsel, stated:

> [O]n information and belief, Plaintiff believes that he is in possession of a document that he relied upon to support his allegation that he properly exhausted his administrative remedies. My firm has requested a copy of this document from Plaintiff, but to date has not received it due to his limited communication abilities in prison. This document, which will be produced in discovery, is necessary to oppose Defendants' argument that Plaintiff did not exhaust his administrative remedies, as it may raise a genuine issue of material fact on this question.

(Id., ¶8.)

Regardless of the underlying documentation justifying the allegations Plaintiff did make, he must actually allege that he submitted his administrative tort claim to the BOP and received a final denial before bringing his FTCA claims in this Court, which he has not done. See Accolla v. U.S. Government, 369 F. App'x 408, 409-10 (3d Cir. 2010) (citing 28 U.S.C. § 2675(a)); McNeil v. United States, 508 U.S. 106, 112 (1993)). While Plaintiff has recounted his attempts to exhaust his claims for purposes of the PLRA, Plaintiff has not, to this date, alleged that he has exhausted his claims for purposes of the FTCA or submitted the document described by Ms. Zavatsky that might do

10

so. Moreover, it is unclear that the document will establish that Plaintiff exhausted his administrative tort claims with the BOP. See Hoffenberg v. United States, 504 Fed. Appx. 81, 83 (3d Cir. 2012) (upholding sua sponte dismissal of FTCA claim on jurisdictional grounds where the court was unable to discern that Plaintiff had met the jurisdiction requirement of exhaustion based on evidence he provided). Therefore, Plaintiff has not met his burden to allege that he exhausted his FTCA claims. The Court will dismiss Plaintiff's FTCA claims without prejudice, allowing Plaintiff to seek amendment to his complaint if he can allege the requisite exhaustion.

### 3. Public Health Service Act

The Federal Defendants contend Defendant Baker is immune from suit pursuant to the Public Health Service ("PHS") Act, 42 U.S.C. § 233, because she was acting within her scope of employment at all relevant times. (Fed. Defs' Brief, ECF No. 72-6 at 15-16.) In support, they submitted the Declaration of Michelle Baker, stating that Baker has been a member of the PHS since 2006, and she was serving as the Health Services Administrator during her time at FCI Fort Dix. (Id. at 16, citing Baker Decl., ECF No. 72-1 at ¶¶ 1-3.) Therefore, the Federal Defendants assert Count One of the Second Amended Complaint against Defendant Baker should be dismissed under Rule 12(b)(1). (Id.) Again, Plaintiff asserted it was inappropriate

11

for the defendants to submit a matter outside of the pleadings on a motion to dismiss. (Pl's Brief, ECF No. 76 at 1-2.)

42 U.S.C. § "233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui v. Castenada, 559 U.S. 799, 806 (2010).[2] "[P]roof of scope [of employment] is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period," although such procedure under § 2679(d) "is not necessary to effect substitution of the United States as defendant." Id. at 811.

The Federal Defendants have properly submitted the Baker Declaration in support of their Rule 12(b)(1) motion to dismiss Baker under the Public Health Service Act. Plaintiff has not offered any factual basis to support a claim that Baker's alleged misconduct occurred outside the scope of her employment as a PHS member. Therefore, this Court will grant the Federal Defendant's motion to dismiss claims against Baker without prejudice.

---

[2] In Castaneda, the district court, affirmed by the Ninth Circuit, denied the PHS member's Rule 12(b)(1) motion to dismiss under § 233(a). Id. at 804 (citing Castaneda v. United States, 538 F.Supp.2d 1279, 1288–1295 (2008) and Castaneda v. United States, 546 F.3d 682 (2008)). The Supreme Court reversed and remanded. Id. at 811-12.

C.   Rule 12(b)(6) Standard of Review

In addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted "a court must accept as true all of the allegations contained in a complaint . . ." but the court need not accept legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citing Twombly, 550 U.S. at 556.)

C.   Bivens Claims Against Zickefoose and Baker

The Federal Defendants allege the constitutional claims against Defendants Zickefoose and Baker should be dismissed for failure to state a claim because Plaintiff did not allege their personal involvement in a constitutional violation. (Fed. Defs' Brief, ECF No. 72-6 at 17-19.) The Court will address only the claims against Zickefoose because, for the reasons described above, Baker is immune from suit under the Public Health Service Act.

The Federal Defendants contend Plaintiff alleged only that Zickefoose was responsible for the safety and care of the inmates at Fort Dix, and that she responded to Plaintiff's May

2011 BP-9 grievance. (Id. at 19, quoting Second Am. Compl., ¶¶ 14, 162-63.)

Plaintiff opposed the motion to dismiss the Bivens claims against Zickefoose. (Pl's Brief, ECF No. 76 at 10.) Plaintiff argued that he is entitled to further discovery, particularly his medical records, in support of his claim that Zickefoose "perpetuated and asserted medical conclusions that were inconsistent with his medical records." (Id., citing Zavatsky Decl., ¶¶ 14-15.)

"[U]nlike other legal contexts, '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.'" Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Allegations that a supervisor responded inappropriately to a plaintiff's later-filed grievances about his medical treatment do not establish personal involvement of the supervisor in the treatment. Brooks v. Beard, 167 F.App'x 923, 925 (3d Cir. 2006). To state a claim for supervisory liability, a plaintiff must allege facts indicating that "a state official, by virtue of his or her *own* deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury *does* occur." Barkes v. First

14

Correctional Medical Inc., 766 F.3d 307, 320 (3d Cir. 2014) (emphasis in original) rev'd on other grounds, Taylor v. Barkes, 135 S.Ct. 2042 (2015).

Plaintiff alleged Zickefoose, in response to his grievance, asserted medical conclusions that are inconsistent with his medical records. This allegation presents only a disagreement between two non-medically trained persons about Plaintiff's medical records and his treatment. It does not describe Zickefoose's knowledge of a deficiency in a policy or procedure that allowed an environment creating an unreasonable risk of injury to occur. For this reason, the Court will dismiss the Bivens claim against Zickefoose without prejudice.[3]

D.  Bivens Claim against Dr. Chung

The Federal Defendants contend Plaintiff's Bivens claim against Dr. Chung is barred by the two-year statute of limitations because Dr. Chung's alleged misconduct occurred between July 2007 and January 2008, and Plaintiff did not file the Complaint until May 2012. (Fed. Defs' Brief, ECF No. 72-6 at 20-21, citing Second Am. Compl., ¶¶ 113, 114, 116.) Even if the

---

[3] The Court notes that the Declaration of Ms. Zavatsky states that "Plaintiff contends and alleges that Warden Zickefoose perpetuated the improper medical treatment by forcing him to sign the administrative resolutions with an express spoken threat to deny him further medical care if he did not sign them." Zavatsky Decl., ¶ 15. The Court does not find these allegations, which if more detailed could potentially bring Defendant Zickefoose within the ambit of a Bivens claim, in the Second Amended Complaint.

15

Court tolled the statute of limitations while Plaintiff exhausted his administrative remedies, the statute of limitations expired before Plaintiff began the exhaustion process in May 2011. (Id.)

Plaintiff opposed the motion to dismiss claims against Dr. Chung. (Pl's Brief, ECF No. 76 at 9-10.) He contends that the Federal Defendants' misconduct is continuing and ongoing. (Id. at 10.) Plaintiff submitted a document showing Dr. Chung treated Plaintiff "through at least January 2013." (Id., citing Declaration of Deepa J. Zavatsky, Ex. A).

The Federal Defendants responded that the 2013 document shows only that Dr. Chung may have scheduled an appointment for Plaintiff in 2013. (Fed. Defs' Reply Brief, ECF No. 84 at 13.) This does not bring his claim within the two-year statute of limitations. (Id.) Furthermore, Plaintiff has firsthand knowledge of any treatment he received by Dr. Chung and has not alleged any misconduct after 2008, thus further discovery is not necessary. (Id.)

"For . . . claims under Bivens . . . the statute of limitations is taken from the forum state's personal injury statute." McGill v. John Does A-Z, 541 F.App'x 225, 227 (3d Cir. 2013). The statute of limitations for personal injury claims in New Jersey is two years. Id. (citing N.J.S.A. 2A:14-2). Section 1983 claims may qualify for tolling under New Jersey's

16

continuing violations doctrine. Davis v. New Jersey Dept. of Corr., Civil Action No. 10-6439, 2011 WL 5526081, at *6 (D.N.J. Nov. 14, 2011).

"A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) (internal quotation marks and citation omitted). For tolling under the doctrine, the plaintiff bears the burden of "establishing that the defendants' conduct is more than the occurrence of isolated or sporadic acts." Shomo v. City of New York, 579 F.3d 176, 183-84 (3d Cir. 2009). The plaintiff must identify a wrongful act committed within the limitations period by each defendant. Id. at 183-84 (3d Cir. 2009).

Plaintiff alleges Dr. Chung provided him with inadequate medical treatment in 2007 and 2008. (Second Am. Compl., ECF No. 62, ¶¶ 113, 114, 116.) He has not alleged any recent unlawful act by Dr. Chung that would bring the time-barred acts within a continuing pattern of violations. Therefore, Plaintiff has failed to satisfy his burden for tolling under the continuing violations doctrine. Plaintiff's claims against Dr. Chung will be dismissed without prejudice as barred by the two year statute of limitations.

**III. CONCLUSION**

For the reasons discussed above, the Court will, in the accompanying Order filed herewith: (1) substitute the United States of America as the sole defendant to Plaintiff's tort claims; (2) dismiss with prejudice Plaintiff's battery claim against the United States pursuant to 28 U.S.C. § 2680(h); (3) deny without prejudice the Federal Defendants' motion to dismiss Plaintiff's intentional infliction of emotional distress claim pursuant to 28 U.S.C. § 2680(h); (4) dismiss without prejudice Plaintiff's FTCA claims against the United States, including for intentional infliction of emotional distress, for failure to establish exhaustion; (5) dismiss without prejudice claims against Defendant Baker under the Public Health Service Act; (6) dismiss without prejudice Plaintiff's claims against Defendant Zickefoose for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); and (7) dismiss without prejudice Plaintiff's Bivens claims against Dr. Chung as barred by the two-year statute of limitations.

Dated: September 8, 2015

s/Renee Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge
